UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINALD MOUSCARDY,

        Petitioner,

v.

D.K. WHITE,

        Respondent.

Civil Action No. 20-2143 (RBK)

**OPINION AND ORDER**

    Before the Court is Petitioner's "motion requesting an answer pursuant to 28 U.S.C. 2243." Petitioner contends that the Court should not have granted Respondent 60 days to file his answer, opposes Respondent's request for an extension of time, and demands an expedited answer.

    Respondent refers to 28 U.S.C. § 2243, which states that "[T]he *writ*, or *order to show cause* shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." (emphasis added). Relying on that language, Petitioner contends that he is already entitled to an *answer* and that the Court is not permitted to extend Respondent's time to file an *answer*.

    Petitioner, however, misunderstands what has transpired in this case. The Court has not issued a *writ* or *order to show cause* to Respondent pursuant to § 2243, rather, the Court has ordered an *answer* pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule"). As this Court has explained:

> In addition to the aforementioned actions authorized by § 2243, this Court is also authorized by Rule 4 to order Respondent to file an answer. Habeas Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d

> 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947) . . . . Here, there is no question that Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948, if a conflict exists between the two.

*Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017).

"Under Rule 4, there is no absolute time limit that must be placed upon a respondent to file an answer," and allows the Court to take into account a variety of factors in determining the appropriate time to file an *answer*. *Id.* Indeed, the advisory committee notes discuss the interplay between Habeas Rule 4 and § 2243:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices, additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made

*Id.* (quoting Habeas Rule 4 advisory committee's note to 1976 adoption).

With those principles in mind, the Court has considered Respondent's general workload and other issues caused by the COVID-19 pandemic, in determining the appropriate time to file an *answer*. Finally, to the extent that there is a conflict "between § 2243's strict time requirements and Rule 4's grant of discretionary time limits, the Court finds that Rule 4, the later-enacted statute, controls." *Id.* at 4. For all of those reasons, the Court is not obligated to order an expedited answer as Petitioner alleges, and the Court will deny his motion.

Accordingly, IT IS on this  9th  day of September 2020,

**ORDERED** that Petitioner's "motion requesting an answer pursuant to 28 U.S.C. 2243," (ECF No. 12), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge