**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REGINALD MOUSCARDY,<br><br>    Petitioner,<br><br>  v.<br><br>D.K. WHITE,<br><br>    Respondent. | Civil Action No. 20-2143 (RBK)<br><br><br>**OPINION AND ORDER** |

Before the Court is Petitioner's motion to appoint counsel and Respondent's motion to dismiss this matter for lack of jurisdiction. (ECF Nos. 6, 16.)

With regard Petitioner's request to appoint counsel, our jurisprudence provides the Court with broad discretion in determining whether to request representation for an indigent civil litigant notwithstanding the fact that indigent civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). In evaluating a motion seeking the appointment of counsel, a court must first determine whether a petitioner's claims have arguable merit. *Id.* at 155.

If a court finds that a petitioner's claims have merit, the court should consider the following non-exclusive factors: 1) the petitioner's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation; 4) the amount a case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the petitioner can attain and afford counsel on her own behalf. *See id.* at 155–57.

With those principles in mind, Petitioner fails to address any of the factors discussed above, with the exception of his indigency and the merits of his claims. Accordingly, the Court will deny

Petitioner's motion to appoint counsel without prejudice.  The Court will allow Petitioner to submit a renewed motion to appoint, along with a brief that addresses each of the factors discussed above.

As to Respondent's motion to dismiss, assuming *arguendo*, that this Court has jurisdiction to consider Petitioner's *Rehaif* claim, *Farrell v. Warden*, No. 20-4414, 2021 WL 222684, at *2 (D.N.J. Jan. 22, 2021), the Court will direct Respondent to submit supplemental briefing as to his arguments on the merits.  In particular, Respondent shall include all the transcripts and documents relevant to his arguments.

Accordingly, IT IS on this  29th  day of January 2021,

**ORDERED** that Petitioner's motion to appoint counsel, (ECF No. 6.), is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that Petitioner may submit a new motion to appoint counsel, addressing the factors discussed above, within 30 days of the date of this Order; and it is further

**ORDERED** that Respondent shall submit supplemental briefing addressing the issues discussed above, along with all transcripts and documents relevant to his arguments, within 30 days of the date of this Order; and it is further

**ORDERED** that after receiving Respondent's supplemental briefing, Petitioner shall have 30 days to submit a response; and it is further

**ORDERED** that Respondent's motion to dismiss, (ECF No. 16.), is TERMINATED, pending receipt of the documents discussed above; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge